1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  LINDSEY A. MORGAN (SBN 274214)
   lmorgan@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:   (415) 352-2625

6  Attorneys for defendant
   Midland Credit Management, Inc.
7

8
                UNITED STATES DISTRICT COURT
9
                EASTERN DISTRICT OF CALIFORNIA
10

11  KIMBERLY WEICK,                ) CASE NO.:
                                   )
12                                 )
              Plaintiff,           ) **NOTICE OF REMOVAL**
13                                 )
                                   )
14      vs.                        )
                                   )
15                                 )
                                   )
16  MIDLAND CREDIT                 )
    MANAGEMENT, INC.,              )
17                                 )
                                   )
18            Defendant.           )
                                   )
19  ─────────────────────────────  )

20

21

22

23

24

25

26

27

28

---

WEICK V. MIDLAND CREDIT MANAGEMENT, INC. (CASE NO.:            )
NOTICE OF REMOVAL

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2  PLEASE TAKE NOTICE that defendant Midland Credit Management, Inc. ("Midland"), a Delaware Corporation, hereby removes to this Court the state court action described below.

1. On October 21, 2011 a complaint was filed against Midland by plaintiff Kimberly Weick ("Weick"), in an action pending in the limited jurisdiction division of the Superior Court of the State of California for the County of Sacramento, entitled *Kimberly Weick v. Midland Credit Management, Inc.*, Case No. 34-2011-00112925.  A copy of the state court complaint ("Complaint") is attached hereto as **Exhibit A**.

2. This removal petition is timely under 28 U.S.C. § 1446(b) because Defendants were first served with a copy of the Complaint on October 31, 2011.

## JURISDICTION

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that the Complaint asserts federal claims against Defendant allegedly arising under 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act) and 15 U.S.C. § 1681 (the Fair Credit Reporting Act).  *See* Exhibit A, at 3.

## VENUE

4. The Complaint was filed in the Superior Court of the State of California, County of Sacramento.  Venue in this District Court is proper.  *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(b) (The Eastern District, Sacramento Division comprises the counties of, inter alia, Sacramento).

1  5.      Defendants are represented by the undersigned.

3  DATED: November 28, 2011          SIMMONDS & NARITA LLP
                                     TOMIO B. NARITA
                                     LINDSEY A. MORGAN


                              By:    s/Lindsey A. Morgan
                                     Lindsey A. Morgan
                                     Attorneys for defendant
                                     Midland Credit Management, Inc.

# EXHIBIT A

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

FILED
Superior Court Of California,
Sacramento
10/21/2011
emedina
By _____, Deputy
Case Number:
**34-2011-00112925**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SACRAMENTO
## LIMITED JURISDICTION

Department Assignments
Case Management 36
Law and Motion 53
Minors Compromise 24

KIMBERLY WEICK,

Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

Defendant.

) Case No.
)
) **COMPLAINT FOR VIOLATION**
) **OF ROSENTHAL FAIR DEBT**
) **COLLECTION PRACTICES ACT AND**
) **FEDERAL FAIR DEBT COLLECTION**
) **PRACTICES ACT**
)
) (Amount not to exceed $10,000)
)
) 1. Violation of Rosenthal Fair Debt
)    Collection Practices Act
) 2. Violation of Fair Debt Collection
)    Practices Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2.     Plaintiff, KIMBERLY WEICK ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, MIDLAND CREDIT MANAGEMENT, INC., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.     On or about April, 2011, Plaintiff reviewed her credit report and discovered that Defendant had reported a derogatory account. On April 13, 2011, Plaintiff wrote a letter to Defendant to dispute the account. Plaintiff also sent a copy of the letter to Transunion, the consumer reporting agency. Defendant had not notified Plaintiff of its intent to report a negative item on her credit report.

5.     On April 18, 2011, Plaintiff received a call from Defendant. Plaintiff advised Defendant that she had sent a dispute letter and has not received verification of the debt.

6.     Plaintiff has not received verification of the debt at this time. In a conversation with Defendant, she was advised she is not allowed to dispute this debt. Further, she was advised that Defendant is not required to provide Plaintiff with any information regarding the debt. Plaintiff was also advised to file an identity theft report with the police. Plaintiff told

Defendant that since she had no information regarding the debt, she could not file a police report.

7. On May 18, 2011, Defendant sent a letter to Plaintiff, identifying the account as an HSBC Card account. Defendant's letter stated that Plaintiff had not provided enough information to dispute the account. Plaintiff sent a second letter disputing the account on May 30, 2011. On June 21, 2011, Plaintiff sent a written request for verification to Defendant. Defendant has not responded to date.

8. Defendant attempted to collect a debt Plaintiff does not owe, has failed to provide Plaintiff with information regarding the debt on request, and has insisted that Defendant is not required to provide Plaintiff with the information requested.

9. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

   b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

   c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f);

   d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

   e) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

   f) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and

   g) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d)).

10. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

12. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
- B. Actual damages;
- C. Statutory damages for willful and negligent violations;
- D. Costs and reasonable attorney's fees,
- E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the FDCPA;
- B. Actual damages;

C.  Statutory damages;

D.  Costs and reasonable attorney's fees; and,

E.  For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 19th day of October, 2011.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff