Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY WEICK, | Case No.: 2:11-cv-03136-KJM-DAD |
| Plaintiff, | **JOINT STATUS REPORT** |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and counsel for Defendant conferred to discuss the matters set forth in Rule 16, Rule 26(f), and the Court's Order dated March 19, 2012, re-setting the Scheduling Conference. The parties hereby submit their Joint Status Report:

**A. Summary of Claims**

  **Plaintiff:**

    Plaintiff alleges that Defendant violated the RFDCPA and FDCPA, while attempting to collect a debt from Plaintiff. Plaintiff alleges that in April,

2011, Plaintiff discovered that Defendant had reported a debt on her credit report. Plaintiff delivered to Defendant a written letter disputing the debt and requesting validation of the alleged debt. Plaintiff alleges that Defendant failed to respond to Plaintiff's letter and instead continued to make collection efforts. Plaintiff also alleges that Defendant's agents made false representations pertaining to Plaintiff's rights to seek validation and/or dispute the alleged debt and also pertaining to Defendant's obligations to respond to said validation and dispute.

**Defendant:**

Defendant disputes whether Plaintiff's alleged debt is subject to the FDCPA and RFDCPA, whether Defendant's actions violated the FDCPA and/or RFDCPA, and alleges Plaintiff's claims are barred in whole or in part by Defendant's affirmative defenses.

**B.     Progress in the service of process:**

At this time, all named Defendants have been served.

**C.     Possible joinder of additional parties:**

At this time, Plaintiff is not aware of any additional parties to be served, but asks that the time for service remain open until the completion of discovery.

**D.     Amendment of Pleadings**

Plaintiff does not intend to amend the Complaint at this time, but requests the right to do so until after its complete review of Defendant's collection

file regarding Plaintiff.

**E.     Jurisdiction and Venue:**

The parties agree that this Court's jurisdiction is based on 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

The parties are not aware of any issues regarding personal jurisdiction or venue.

**F.     Anticipated and Outstanding Discovery**

**1)     Disclosures:**

The parties will exchange the information required by Federal Rules of Civil Procedure 26(a)(1) on or before April 12, 2012. The parties do not anticipate that further discovery conferences should be held.

**2)     All fact discovery will be completed by November 26, 2012.**

The parties will conduct discovery regarding Plaintiff's allegations and Defendant's affirmative defenses. The number of interrogatories, requests for admissions, and requests for production of documents, as well as the number and length of depositions shall be as set forth in the Federal Rules of Civil Procedure. The parties do not believe discovery should be conducted in phases.

**3)     Limitations on Discovery:**

The parties do not require any limitations on discovery or believe any changes should be made to the limitations imposed under the Civil Rules. The

parties will meet and confer regarding the terms of a Stipulated Protective Order if necessary.

### 4) Disclosure of expert witnesses and information under Federal Rule of Civil Procedure 26 (a)(2):

All parties will provide the expert disclosures required on or before October 26, 2012. Counter-designations of experts will be made on or before November 23, 2012. Expert discovery will be completed by December 21, 2012.

### 5) Proposed Discovery Cut-Off

The parties propose that the discovery cut-off date be December 21, 2012.

## G.   Anticipated Motions and the scheduling of motions:

Parties propose that the last day for the parties to file dispositive motions be January 22, 2013, and that the motions be heard prior to February 25, 2013, the proposed date for the pre-trial conference. Defendant anticipates filing a motion for summary judgment after conducting discovery.

## H.   Federal Rule of Evidence 702

**Plaintiff:** Plaintiff does not require limitations or restrictions on the use of expert testimony.

**Defendant:** Defendant does not require limitations or restrictions on the use of expert testimony, and does not anticipate unnecessary proof or cumulative evidence will be an issue in this matter.

**I. Pretrial Conference:**

The parties propose that a pretrial conference be held on February 25, 2013.

**J. Trial**

Plaintiff has requested a trial by jury. The parties estimate that this case will take approximately 2 days for trial. It is anticipated that the case will be ready for trial by March 25, 2013.

**K. Appropriateness of Special Procedures:**

None.

**L. Modification of Standard Pretrial Procedures**

None

**M. Related Cases**

None.

**N. Settlement and ADR**

The parties believe that the optimal time for settlement discussions will be at the close of discovery. The parties agree to a court convened settlement conference with the trial judge acting as a settlement judge.

**O. Expedited Scheduling**

The Parties agree this case can be handled on an expedited basis.

Respectfully submitted this 5th day of April, 2012.

        By:    <u>s/Todd M. Friedman</u>
                Todd M. Friedman
                Law Offices of Todd M. Friedman, P.C.
                Attorney for Plaintiff

        By:    <u>s/Lindsey A. Morgan</u>
                Lindsey A. Morgan
                SIMMONDS & NARITA LLP
                Attorney for Defendant